IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **ARTRAI ALEXANDER,** ) | |
| Petitioner, ) | |
| vs. ) | No. 3:17-CV-3139-L (BH) |
| ) | |
| **UNNAMED RESPONDENT,** ) | Referred to U.S. Magistrate Judge |
| Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order 3-251*, this *pro se* habeas case has been automatically referred for full case management. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

Artrai Alexander (Petitioner), a prisoner currently incarcerated in the Texas Department of Criminal Justice Ferguson Unit, filed an untitled pleading seeking a "federal writ" regarding the denial of his state habeas application by the Texas Court of Criminal Appeals that was received on November 14, 2017. (*See* doc. 3.) His filing did not name a specific respondent, but it referred to "TCCP." (*Id.*) He complained about the state habeas procedure, alleged that the jury was misled because it was not informed that he had mental health issues, and asserted that his punishment should not have been enhanced as "aggravated" because he was acquitted of aggravated robbery in Cause No. 1552053 and convicted of evading arrest in Cause No. 1552054. (Doc. 3 at 1.) He was convicted of evading arrest and sentenced to five years' imprisonment on February 19, 2016 in Cause No. 1552054 in Dallas County, Texas. *See* https://offender.tdcj.texas.gov (search for petitioner).

By *Notice of Deficiency and Order* dated November 16, 2017, Petitioner was notified that he had not filed his federal petition for writ of habeas corpus on the appropriate form and paid the

filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) Attached to the order were copies of the appropriate form for a § 2254 habeas petition and an IFP application. (*See id.*) The order specifically advised Petitioner that he must file his § 2254 petition on the appropriate form and either pay the $5 filing fee or submit an IFP application with the required certificate of inmate trust account within thirty (30) days of the date of that order, and that a failure to do so could result in the dismissal of the case. *Id.*

In correspondence received on December 5, 2017, Petitioner explained that he seeks a federal writ against the Texas Court of Criminal Appeals for improperly denying his state habeas application. (*See* doc. 5.) He asserted that this federal case was given a cause number that was not the same cause number in the Court of Criminal Appeals, and that he sent an IFP application to the Court of Criminal Appeals, which should have forwarded it to this court. (*Id.*)

An order dated December 11, 2017, explained that because Petitioner was challenging his state conviction and sentence, his initial filing was properly construed as a habeas corpus petition under 28 U.S.C. § 2254. (*See* doc. 6.) The order also explained that federal habeas review involves a collateral review of the state conviction and sentence and is not a direct appeal or continuation of the state court proceedings. (*Id.*) Because this federal action is a separate action from the state court criminal and habeas case in a separate court system, it has its own cause number and requires the filing of a separate IFP application. (*Id.*) Petitioner was expressly advised that if he wished to pursue his habeas case in this court, he must comply with the November 16, 2017 *Notice of Deficiency and Order* within 30 days of that order by filing an amended petition on the appropriate form against a proper respondent and submitting an IFP application with a current certificate of inmate trust account or paying the $5 filing fee. (*Id.*) He was also advised that failure to comply

2

could result in the dismissal of this action under Federal Rule of Civil Procedure 41(b). (*Id.*)

More than thirty days from the date of the November 16, 2017 order have passed, but Petitioner has not filed a habeas petition on the appropriate form, paid the filing fee, filed an IFP application, or filed anything else in this case since the entry of the December 11, 2017 order.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Petitioner failed to comply with the November 16, 2017 order that he file his § 2254 petition on the appropriate form and either pay the filing fee or submit an IFP application despite warnings that failure to do so could result in dismissal of the case. Since the December 11, 2017 order that again advised him that he must comply with the November 16, 2017 order if he wished to proceed with the case, he has not filed anything else. Because Petitioner failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the petitioner files his § 2254 habeas petition on the appropriate form, and either pays the filing fee or submits a completed IFP application within the time for objecting to this recommendation, or by some other deadline set by the court.

**SO RECOMMENDED on this 2nd day of January, 2018.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4