IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTRAI TURONE ALEXANDER, § | |
| Petitioner, § | |
| vs. § | No. 3:17-CV-3139-L (BH) |
| § | |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal § | |
| Justice, Correctional Institutions Division, § | |
| Respondent. § | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Special Order* 3-251, this habeas case has been referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the petition should be **DENIED** with prejudice.

**I. BACKGROUND**

Artrai Turone Alexander (Petitioner), an inmate currently incarcerated in the Texas Department of Criminal Justice-Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.

**A.   State Court Proceedings**

Petitioner was charged with evading arrest in a motor vehicle, in Cause No. F1552054Q, in Dallas County, Texas. (*See* doc. 21-12 at 5.)[1] On February 19, 2016, after a jury found him guilty, the trial court sentenced him to five years of confinement. (*See id.* at 15.) He did not file a direct appeal. (*See* doc. 9 at 3.) He filed an application for state writ of habeas corpus on January 27, 2017, and the Texas Court of Criminal Appeals (TCCA) denied it without written order on October 25,

---

[1]Page citations refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

2017. (*See* doc. 21-6; doc. 21-12 at 19-36.)

**B.     Substantive Claims**

Petitioner filed an initial federal petition for habeas corpus on November 3, 2017. (*See* doc. 3.) His amended habeas petition, received on January 11, 2018, raises the following grounds:

(1) Counsel was ineffective for:

  (a) failing to argue Petitioner was temporarily insane at the time of the offense;

  (b) misinforming Petitioner about the prosecution's plea-bargain;

  (c) failing to call witnesses at trial on Petitioner's behalf.

(2) The prosecutor committed misconduct by:

  (a) knowingly presenting perjured testimony regarding an aggravated robbery that never took place;

  (b) failing to inform the jury of Petitioner's mental illness; and

  (c) making "impermissibly inflammatory" arguments.

(3) Petitioner's conviction violated his right against double jeopardy because two charges arose from the same criminal action.

(4) Petitioner's flight from law enforcement was justified due to his fear.

(5) Petitioner should not have received an "aggravated" sentence.

(*See* doc.9 at 6-7; doc. 10; doc. 16.) The respondent filed a response on March 26, 2018. (*See* doc. 19.) Petitioner filed a reply on April 12, 2018. (*See* doc. 22.)

## II. STATUTE OF LIMITATIONS

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996. Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date. *Lindh v. Murphy*, 521 U.S. 320, 326 (1997).

Because Petitioner filed his petition after its effective date, the Act applies to it. Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1).

**A.     Calculation of One-Year Period**

The one-year period is calculated from the latest of either:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See id.* § 2244(d)(1)(A)-(D).

Here, the facts supporting Petitioner's claims for ineffective assistance of counsel (claim 1(b) and (c)), prosecutorial misconduct (claim 2), double jeopardy (claim 3), and justified flight (claim 4) either became known or could have become known prior to the date his judgment became final.[2] Because he did not appeal the trial court's February 19, 2016 judgment, it became final thirty days later, on March 20, 2016. *See* Tex. R. App. P. 26.2(a) (1) (stating that "[t]he notice of appeal must be filed ... within 30 days after the day sentence was imposed or suspended in open court, or after

---

[2] Petitioner has not alleged a state-created impediment that prevented him from filing his federal petition or any new constitutional right.

the day the trial court enters an appealable order"). Petitioner had until March 20, 2017, to file his federal habeas petition, absent any tolling of the statute of limitations.

**B.     Statutory Tolling**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*." 28 U.S.C. § 2244(d)(2) (emphasis added). Petitioner's state habeas application was signed and deemed mailed on January 27, 2017, and it was denied on October 25, 2017. *See Richards v. Thaler*, 710 F.3d 573, 578-79 (5th Cir. 2013) (pro se prisoner's state habeas application is constructively filed for purposes of AEDPA when the prisoner delivers the papers to prison authorities for mailing to the district court). The limitations period was tolled for 271 days while it was pending. His § 2254 petition was due no later than December 16, 2017.

Petitioner's amended § 2254 petition is deemed filed on January 11, 2018, the date it was mailed.[3] Although he filed an initial deficient habeas petition on November 3, 2017, it raised only his ineffective assistance claim based on the failure to argue temporary insanity (claim 1(a)) and his "aggravated sentence claim (claim 5). Because the new claims in the amended petition rely on different facts, they do not relate back to the initial petition. *See Maye v. Felix*, 545 U.S. 644, 650 (2005) (stating that amendments do not relate back if they raise "a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth"); *see also United States v. Gonzalez*, 592 F.3d 675, 679-80 (5th Cir. 2009) (applying *Maye* to claims of ineffective

---

[3] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

4

assistance of counsel). Petitioner's ineffective assistance of counsel (claim 1(b) and (c)), prosecutorial misconduct (claim 2), double jeopardy (claim 3), and justified flight (claim 4) claims are therefore untimely.

C. **Equitable Tolling**

AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled. *Holland v. Florida*, 560 U.S. 631 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling). "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable." *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)). It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)). A habeas petitioner is entitled to equitable tolling only if he shows that: (1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance prevented a timely filing. *Holland*, 560 U.S. at 649, citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner bears the burden to show entitlement to equitable tolling. *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam). Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999). The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted.

*Coleman*, 184 F.3d at 402.

Petitioner appears to contend his claims are not time-barred because "the convicting county and courts intentionally delayed sending [his state habeas petition] to the Texas Court of Criminal Appeals." (*See* doc. 22 at 2.) He claims that he filed his state habeas petition on March 21, 2017, but it was not forwarded to the TCCA until September 8, 2017. (*See id.* at 2-4.) Petitioner's state habeas application was actually deemed filed on January 27, 2017, however. Because his AEDPA limitations period was beginning on that date, any delay in the transfer of his state petition to the TCCA between March 2017 and September 2017, did not affect his limitations period.

Petitioner additionally appears to contend his limitations period should be tolled because he was transferred between institutions from March 29, 2016 to May 2016, and because he was not allowed to use the law library on the weekends. (*See* doc. 22 at 5.) He fails to provide any evidence to support these general contentions, however. Conclusory allegations are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in is pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Petitioner has not demonstrated "rare and exceptional circumstances" required for equitable tolling, *see Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999), and ignorance of the law and lack of knowledge about the filing deadlines does not justify equitable tolling, *see Felder v. Johnson*, 204 F.3d 168, 172 (5th Cir. 2000). Petitioner has not shown entitlement to equitable tolling, and his new claims in the amended petition are barred by the statute of limitations.

### III.  PROCEDURALLY BARRED CLAIMS

The State argues that Petitioner's original two claims (claims 1(a) and 5) are unexhausted and procedurally-barred.

A petitioner must fully exhaust state remedies by fairly presenting the factual and legal basis of any claim to the highest state court for review before seeking federal habeas relief. *See* 28 U.S.C. § 2254(b); *Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013).  A Texas prisoner may satisfy this requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in an application for a state writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998).  Failure to exhaust is generally a procedural bar to federal habeas review, although the federal court may excuse the bar if the petitioner can demonstrate either cause or prejudice for the default, or that the court's failure to consider the claims will result in a fundamental miscarriage of justice. *Ries v. Quarterman*, 522 F.3d 517, 523-24 (5th Cir. 2008) (citing *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Petitioner's reply brief does not address his fifth claim regarding an "aggravated" sentence. (*See* doc. 22.)  It argues that he never claimed that counsel was ineffective for failing to raise a 'temporary insanity' defense, only that counsel "withheld his mental illnesses from the jury, which has been argued and mentioned in the original petition and state habeas." (*See id.* at 4.)  Petitioner submitted a document entitled, "*Missing from the Amended 2254 - Missing Documented Information from the Separate Writ Memorandum: In Grounds One Ineffective Assistance Claim Against Trial Counsel Paul J. Johnson*, in support of his amended petition. (*See* doc. 16.)  It states that his trial counsel was ineffective "by not informing jury of mental illness diagnosis and the possibility of

7

Defendant Artrai Turone Alexander (the petitioner) being temporary insane or insane at the time of the alleged claimed offense committed of evading arrest . . . w[h]ere a insanity defense Tex. Penal Code Ann. 8.01 would of been appropriate for the charge to Artrai T. Alexander mental illnesses." (*See* doc. 16.)  Because Petitioner's two original federal claims are not substantially equivalent to the ones he presented to the TCCA, they do not meet the "fairly presented" requirement and are therefore not properly exhausted. *See Whitehead*, 157 F.3d at 387.  The failure to exhaust state court remedies constitutes a procedural default that bars consideration of these claims. *Morris v. Drekte*, 413 F.3d 484, 491-92 (5th Cir. 2005); *Ries*, 522 F.3d at 523-24.  Petitioner has not alleged or demonstrated cause for the default and actual prejudice, or that a fundamental miscarriage of justice would occur if his claims are not considered. *See Coleman*, 501 U.S. at 750.

      Additionally, to the extent Petitioner now generally claims that his counsel was ineffective for failing to raise his "mental diagnosis or disabilities during court procedures or trial," (*see* doc. 9 at 6), this claim lacks merit.  He simply claims that his counsel was ineffective for "not retaining or presenting medical records or information about [Petitioner], who also suffers from mental illnesses, diagnosis are bipolar and schizophrenia, was clearly prejudicial to [Petitioner] and clearly [a]ffected the outcome of the trial." (*See* doc. 10 at 3.)  This conclusory claim is insufficient. *Woods*, 870 F.2d at 288; *Schlang,* 691 F.2d at 799.  Federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in is pro se petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Smallwood*, 73 F.3d at 1351 (5th Cir. 1996) (quoting *Ross*, 694 F.2d at 1011-12).  Petitioner fails to demonstrate that had the jury been presented with information about his mental health, it was reasonably probable that the outcome of his trial would have been different. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (stating

8

that to demonstrate ineffective assistance of counsel a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."); *see also Harrington v. Richter*, 562 U.S. 86, 112 (2011) (stating "[t]he likelihood of a different result must be substantial, not just conceivable.").

Furthermore, § 2254(d) provides that an application for a writ of habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *Williams v. Taylor*, 529 U.S. 362, 402-03 (2000); *see Childress v. Johnson*, 103 F.3d 1221, 1224-25 (5th Cir. 1997). As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement. *Richter*, 562 U.S. at 102-03. A petitioner must show that there was no reasonable basis for the state court to deny relief. *Id*. at 98.

The state habeas court denied relief on this issue when it denied Petitioner's application for state habeas corpus relief. He fails to demonstrate that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts. *Williams*, 529 U.S. at 402-03 (2000). He fails to show there was no reasonable basis for the state court to deny relief. *Richter*, 562 U.S. at 98.

9

## IV. RECOMMENDATION

This petition for writ of habeas corpus should be **DENIED** with prejudice.

**SO RECOMMENDED** on this 22nd day of April, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE