IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **ARTRAI TURONE ALEXANDER,** | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:17-CV-3139-L** |
| | § | |
| **LORIE DAVIS, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

# ORDER

The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 30) was entered on April 22, 2019, recommending that the court deny Petitioner's habeas petition as amended under 28 U.S.C. § 2254 and dismiss with prejudice the new claims asserted by him for ineffective assistance of counsel(claim 1(b) and 1(c)), prosecutorial misconduct (claim 2), double jeopardy (claim 3), and justified flight (claim 4) as time-barred and not equitably tolled. The Report recommends that the court also dismiss with prejudice Petitioner's original ineffective assistance claim based on the failure to argue temporary insanity (claim 1(a)) and his aggravated sentence claim (claim 5) as unexhausted, procedurally barred, and without merit because he "fails to demonstrate that the state court decision [denying his state habeas petition] was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of facts," and, he thus, "fails to show there was no reasonable basis for the state court to deny relief." Report 9. No objections to the Report were filed.

**Order – Page 1**

Having reviewed the pleadings, file, record in this case, and Report, the court determines that the findings and conclusions of the magistrate judge are correct; **accepts** them as those of the court; **denies** his habeas petition as amended; and **dismisses with prejudice** all claims asserted by Petitioner and this action for the reasons set forth in the Report.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[1] The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). In support of this determination, the court accepts and incorporates by reference the Report. In the event that Petitioner files a notice of appeal, he must pay the $505 appellate filing fee or submit a motion to proceed *in forma pauperis* on appeal.

---

[1] Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

    **(a)**     **Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

    **(b)**     **Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

**It is so ordered** this 1st day of July, 2019.

Sam A. Lindsay
United States District Judge